**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3726
_____

GUILLERMO MONTOYA,
a/k/a ANTONIO MONTALVO,
a/k/a GUILLERMO MONTOYO

Guillermo Montoya,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A027-014-328 )
Immigration Judge:  Honorable Leo Finston

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 19, 2012
Before:  JORDAN, HARDIMAN and ALDISERT, <u>Circuit Judges</u>

(Opinion filed:  April 23, 2012)
_____

OPINION
_____

PER CURIAM

Guillermo Montoya seeks review of the Board of Immigration Appeals' ("BIA" or "Board") denial of his motion for reconsideration. For the reasons that follow, we will dismiss the petition for lack of jurisdiction.

Montoya, native and citizen of Peru, was admitted to the United States in 1985 as a lawful permanent resident. In 2002, Montoya was convicted of conspiracy to distribute heroin, in violation of New Jersey Statutes Annotated § 2C:35-5b(3) and § 2C:5-2. In 2010, the Department of Homeland Security issued Montoya a Notice to Appear, charging him with removability for having been convicted of a controlled substance offense, see INA § 237(a)(2)(B)(i). Montoya conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") based on his alleged resistance to recruitment efforts by terrorist groups in Peru.

Following an administrative hearing, the Immigration Judge ("IJ") found that Montoya's conviction for conspiracy to sell heroin, for which he served four years in prison, was an aggravated felony and a particularly serious crime, rendering him ineligible for asylum and withholding of removal. In the alternative, the IJ found that even if Montoya's conviction did not preclude him from obtaining such relief, he did not qualify for relief because any harm that he suffered in Peru was not on account of a protected ground, nor did it rise to the level of persecution. The IJ additionally ruled that Montoya did not meet his burden to show that he was entitled to relief under the CAT.

Montoya appealed the IJ's decision to the BIA. In a June 2011 decision, the BIA summarily dismissed the appeal for Montoya's failure to specify his reasons for the

2

appeal on Form EOIR-26, see 8 C.F.R. § 1003.1(d)(2)(i)(A), and for his failure to file a brief, see 8 C.F.R. § 1003.1(d)(2)(i)(E). Montoya did not petition this Court for review of that determination, but did return to the BIA with a timely motion seeking reconsideration of its decision. In September 2011, the BIA denied Montoya's motion for reconsideration, finding no error in its prior decision. The Board noted that although Montoya claimed that the Board had erred "by finding that his claim that he was pursuing a collateral attack on his aggravated assault conviction did not affect [the Board's] assessment of his conviction as a negative factor unless and until the conviction is vacated," see Administrative Record ("A.R.") at 2, the Board never reached the merits of Montoya's claim in its prior decision.[1] Following that determination, Montoya filed a petition for review.[2]

This Court has authority to review final orders of removal. See 8 U.S.C. § 1252(a). As an initial matter, we note that because Montoya did not file a timely petition for review of the BIA's initial order issued on June 16, 2011, the petition for review at issue in the instant proceeding pertains solely to the BIA's order of September 14, 2011, wherein the BIA denied his reconsideration motion. In his opening brief, rather than challenging the Board's denial of his motion for reconsideration, Montoya asserts that his

---

[1] Moreover, Montoya was deemed removable as a result of his conviction for conspiracy to distribute heroin, not because of a conviction for assault.

[2] According to the Government, while Montoya's petition for review was pending in this Court, he was removed from the United States to Peru on February 8, 2012. Prior to his removal, Montoya was in custody at an U.S. Immigration and Customs Enforcement

3

petition for review "seeks review of the Petitioner's constitutional right to consideration of remand of bond determination."
(See Petitioner's Brief ("Pet. Br." at 2-3). According to Montoya, he was placed into ICE custody in June 2011, but was not afforded "any hearing to determine whether [his] prolonged detention [was] justified." (Id. at 6.)

Indeed, Montoya's entire brief challenges the constitutionality of his detention at a New Jersey facility, but he does not explain what relation such challenge has to the BIA's denial of his reconsideration motion. Further, the administrative record demonstrates that Montoya did not raise any challenge to the constitutionality of his detention, or the denial of bond, in his motion for reconsideration. (A.R. at 7-9.)

We have held that an alien must exhaust all administrative remedies available to him before the Board as a prerequisite to raising a claim before this Court. See 8 U.S.C. § 1252(d)(1); Yan Lan Wu v. Ashcroft, 393 F.3d 418, 422 (3d Cir. 2005). Here, Montoya's failure to present this argument to the agency constitutes a failure to exhaust, thus depriving us of jurisdiction to consider it. See Lin v. Att'y Gen., 543 F.3d 114, 119-20 (3d Cir. 2008). We note, however, that even if Montoya had exhausted this argument administratively, we would still lack jurisdiction to consider it because an alien's challenge to his detention must be pursued in a petition for habeas corpus filed in the District Court. See Nnadika v. Att'y Gen., 484 F.3d 626, 631 (3d Cir. 2007) (citing Kumarasamy v. Att'y Gen., 453 F.3d 169, 172 (3d Cir. 2006), for its proposition that we

_____

("ICE") detention facility in Newark, New Jersey.

have jurisdiction under the REAL ID Act only over challenges to a final order of removal).

Accordingly, we will dismiss the petition for review for lack of jurisdiction.